William W. Bunting III (#141981)
Douglas P. Drayton (#142043)
BUNTING, DRAYTON & ALWARD LLP
582 Market Street, Suite 812
San Francisco, California 94104-5309
Telephone: (415) 617-0244
Facsimile: (415) 617-0248

Attorneys for Plaintiff
PRASERT TANGTRONGSAKDI

AUG 29 ... CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PRASERT TANGTRONGSAKDI,

Plaintiff,

vs.

THEP-PRATAN DECHANU,

Defendant.

Case No. C 99-2395 MHP

~~[PROPOSED]~~ **ORDER GRANTING PLAINTIFF PRASERT TANGTRONGSAKDI'S MOTION FOR SUMMARY JUDGMENT**

**Date:** October 20, 2008
**Time:** 2:00 p.m.
**Place:** Courtroom 15
**Judge:** Hon. Marilyn Hall Patel

The motion of plaintiff Prasert Tangtrongsakdi for summary judgment on his Second Claim for Relief for an accounting came on regularly for hearing before this Court on October 20, 2008, at 2:00 p.m. Appearances were as set forth on the record.

After considering the motion, all of the pleadings and papers filed by the parties in connection with the motion, the arguments of counsel, and all other matters presented to the Court,

IT IS HEREBY ORDERED that the motion is GRANTED.

The Court finds there is no dispute as to the following material facts, and that Plaintiff is entitled to judgment as a matter of law, as follows.

1. Hong Huat Associates, a California general partnership ("HHA") is a general partnership comprised of Prasert Tangtrongsakdi ("Prasert") and Thep-Pratan Dechanu ("Thep").

JUDGE'S COPY

2. HHA is a debtor in possession in a Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") titled In re Hong Huat Associates, Case No. 96-3-3055 DM (the "HHA Bankruptcy Case").

3. The capital account balances of Prasert and Thep in HHA, as of December 31, 2006, are as shown in the Capital Account Summary attached as part of Exhibit 11 to Prasert's Appendix of Exhibits filed in support of the motion. As of December 31, 2006, after adjustment for deferred gain, Prasert's Capital account balance was $2,192,741, and Thep's capital account balance was $348,923.

4. As of December 31, 2006, HHA had cash and cash equivalents of $2,599,880, less accrued expenses of $58,215, leaving a balance of $2,541,665, as reflected in the Balance Sheet for HHA for the year ended December 31, 2006, attached as part of Exhibit 11 to Prasert's Appendix of Exhibits. Said sum is equal to the sum of Prasert's and Thep's respective capital accounts, as of December 31, 2006.

5. Since December 31, 2006, HHA has earned interest on the funds held by HHA in the amount of $60,246.

6. As shown in HHA's Monthly Operating Report for the month ended July 31, 2008, filed in the Bankruptcy Case, HHA's assets consist of cash held in trust for HHA in the sum of $2,582,403.83 as of July 31, 2008.

7. On or about February 14, 2008, the United States District Court for the Northern District of California entered an order pursuant to a stipulation in that certain case titled United States of America v. Phongsoon Dejanu, Case No. CR 00-0006 WHA (the "Dejanu Criminal Case"), awarding HHA the sum of $221,172.42 from the United States for interest on monies seized by the United States from HHA and later returned to HHA.

8. Since December 31, 2006, HHA has incurred attorneys' fees and costs, in the approximate amount of $102,026.

9. All creditors of HHA have been paid in full or have been adjudicated to have no claim against HHA, with the exceptions of (a) unpaid administrative claims of HHA's bankruptcy counsel, and (b) potential tax claims of the United States and the State of California arising from the operations of

HHA and sale of its asset, respectively, and (c) unpaid administrative claims, if any, that Prasert may have for the fees and costs that Prasert has incurred to protect the bankruptcy estate.

10. On or about August 26, 2002, Thep entered into a Plea Agreement with the United States in the Dejanu Criminal Case, whereby Thep agreed to "give up" to the United States any rights he may have to funds related to the building at 690 Market Street, San Francisco, California. That building was HHA's sole asset at the time the HHA Bankruptcy Case was commenced, and was sold in the course of the HHA Bankruptcy Case, which is the source of the funds currently held in the HHA bankruptcy estate.

The Court makes the following findings of law:

1. Each partner of HHA is deemed to have an account that is: (1) credited with an amount equal to the money plus the value of any other property, net of the amount of any liabilities, the partner contributes to the partnership and the partner's share of the partnership profits., and (2) charged with an amount equal to the money plus the value of any other property, net of the amount of any liabilities, distributed by the partnership to the partner and the partner's share of the partnership losses. Cal. Corps. Code § 16401(a). Each partner is entitled to an equal share of the partnership profits and is chargeable with a share of the partnership losses, in proportion to the partner's share of the profits. Cal. Corps. Code § 16401(b).

2. Each partner is entitled to a settlement of all partnership accounts upon winding up of the partnership business. Cal. Corps. Code § 16807(b).

THEREFORE, IT IS HEREBY ORDERED that judgment shall be entered in favor of Prasert as follows:

1. Prasert's capital account balance in HHA is $2,192,741, as of December 31, 2006, plus 50% of any receipts of HHA from and after January 1, 2007 (including earned interest or payment of the interest awarded from the United States), minus 50% of all costs (including unpaid claims) of HHA accrued from and after January 1, 2007.

2. Thep's capital account balance in HHA is $348,923 as of December 31, 2006, plus 50% of any receipts of HHA from and after January 1, 2007 (including earned interest or payment of the

interest awarded from the United States), minus 50% of all costs (including unpaid claims) of HHA accrued from and after January 1, 2007.

3. The claim of the United States to Thep's interest in HHA arising from Thep's Plea Agreement shall attach to any monies to be distributed to Thep. This order and the judgment hereon shall not adjudicate the priority, validity, or amount, if any, of such claim.

4. Any distribution to Prasert or Thep, or to the United States on account of Thep's interest, shall be made only upon order of the Bankruptcy Court.

5. Any claims of lien filed in this action against the interest of Thep in HHA shall attach to any monies to be distributed to Thep. This order and the judgment hereon shall not adjudicate the priority, validity, or amount, if any, of such claims of lien.

6. Judgment may be entered in conformity with this order after dismissal of Prasert's First Claim for Relief for partnership dissolution.

Dated: 12/1/2008




UNITED STATES DISTRICT JUDGE